## MILLER *v.* LONG ET AL.

PARTITION.—*Conveyance by Husband and Wife to Defraud Creditors.—Deed Set Aside.*—A complaint for partition alleged that the husband of the plaintiff died seized of the land in question, and that the plaintiff, as his widow, was the owner of one-third thereof, and her children, made defendants, of the other two-thirds; that before the death of her husband, he, with the plaintiff, conveyed the land to one M.; that after the death of the plaintiff's husband, the administrator of his estate procured an order of court setting aside the deed and directing the sale of two-thirds of said land to pay debts of said estate; that before the said decree setting aside said deed, the said M. reconveyed the land to the plaintiff; and she charged that the defendant L. claimed some interest in said land. The defendant L. answered, that the conveyance to M. was made to hinder and delay the creditors of the plaintiff's husband, and that the plaintiff knew the purpose and joined in the fraud; that she was made a party defendant to the suit to set aside the conveyance, and she answered therein denying any interest in said land, and asserting that it was the property of said M., and the court in said proceeding found and adjudged said deed to be fraudulent and void, and set it aside as to two-thirds of the land, and directed the same to be sold to pay the debts of the deceased, and adjudged costs against the plaintiff herein and said M., and under an execution issued thereon and levied upon the interest of M. in said land, the same was sold and was purchased by the defendant L.; that at said sale the said plaintiff represented to the public, and to this defendant, that she had no interest in said land, but that it was the property of the said M.; and that the deed from the said M. was void, never having been delivered to her. A demurrer to this answer was overruled.

The plaintiff replied, alleging that the defendant L. had full notice of the title of the plaintiff, and that before he purchased said land at the sale upon execution, under the said judgment for costs against M., the plaintiff in his presence made the proper demand on the sheriff to have the said one-third of said land set off to her, as the head of a family, under the law authorizing three hundred dollars to be thus set off. A demurrer was sustained to this reply, and the trial resulted in a finding for the defendant L.

*Held*, that admitting the complaint to be sufficient, and that the reply was bad, neither of which questions was decided, yet the proof having failed to show that the plaintiff had filed any answer denying her interest in said land, in the action to set aside the deed, and having also failed to show that she had informed the defendant L. at the sale that she had no title to the land, and the court having only ordered the two-thirds of the land to be sold to pay debts, the finding for the defendant was not sustained by the evidence.

APPEAL from the Clay Common Pleas.

DOWNEY, J.—This action was brought by the appellant

against the appellees for partition of, and to quiet the title to, certain real estate.    The result of the action was unfavorable to the plaintiff, and she appealed to this court.    Four errors are assigned by her; first, the overruling of her demurrer to the separate answer of William H. Long; second, sustaining his demurrer to the second paragraph of her reply; third, overruling her motion for judgment on the pleadings; and, fourth, overruling her motion for a new trial.

It is stated in the first paragraph of the complaint that Christian Miller, the husband of the plaintiff, died the owner of the land in 1867; that she is entitled to one-third of it as his widow, and their children, who are made defendants, to the other two-thirds.    It is further stated that Long claims some interest in the land, and, therefore, he is made a party.

In the second paragraph it is stated that Christian Miller died the owner of the land, leaving said widow and heirs; that during his lifetime he and the plaintiff executed a conveyance of said land to William H. Miller; that after the death of said Christian Miller, one Rensselaer became administrator of his estate, instituted his action in the Clay Common Pleas, and on the 9th day of November, 1869, had said deed set aside, and an order made that he should sell two-thirds of said land to make the same assets in his hands; that previous thereto, to wit, on the 19th day of December, 1868, and before the institution of said suit by said administrator, said William H. Miller conveyed all his interest in said land to the plaintiff; that she is the owner of one-third, and said children are the owners of two-thirds thereof; that Long claims an interest in said land, etc.    Prayer that one-third of the land be set off to her in fee simple; that her title thereto be quieted; that Long be forever enjoined from claiming any interest in her one-third of said land; and for other relief.

Long answered to both paragraphs of the complaint, that Christian Miller died intestate in August, 1867; that shortly prior to his death he was seized of the land; that on the

7th day of August, 1867, he, with intent to hinder, delay, and defraud his creditors, and without good or valuable consideration, conveyed said land to said William H. Miller; and that the plaintiff aided in such fraud, and knowing the intent of her said husband, colluded with him and joined in said deed. It is also stated that Rensselaer was appointed administrator of the estate of said Christian Miller, and filed in said court his petition, alleging said fraud, to which the plaintiff and said William H. Miller were made defendants; that they made defence, and answered that the property was the sole property of said William H. Miller, and that said Elizabeth had no interest in the same whatever; that the court found that the deed from said Christian to said William H. Miller was fraudulent and void, ordered that the same be set aside as to two-thirds of said land, and ordered it sold to pay the debts of said deceased; that the same was accordingly sold by the administrator to one Miles, and the sale approved by said court; and that the court also rendered a judgment in favor of said administrator against said William .H. and Elizabeth for the costs of the action, amounting to seventy-seven dollars and ninety-five cents; that an execution was issued on the judgment for costs, which was levied upon all the interest of William H. Miller in and to said land; that it was advertised and sold by the sheriff to said Long for one hundred and forty-six dollars under and by virtue of said writ; that his interest was, and is, one-third of said real estate; and that the sheriff gave to said Long a certificate of purchase therefor. It is then alleged, "that at the time of, and prior to, the sale of said one-third interest by the sheriff to this defendant, the said plaintiff represented and held out to the public generally, and to this defendant, that she was not the owner of any portion of said land, but that William H. Miller was the owner thereof; that the deed made by the said William H. Miller had been rescinded and was void, the same never having been delivered by the said William H. Miller; wherefore, etc.

The second paragraph of the reply states that at the time

Miller *v.* Long *et al.*

the said defendant purchased the pretended interest of the said William H. Miller in and to said land, he was fully informed of the interest of the plaintiff in the same; that she, by her attorneys, presented a schedule duly made out and sworn to, as the law directs, to the sheriff of said county of Clay at the time said defendant bid on the same, and before he had made any bid, which schedule contained a description of said land; and that she then and there, by her said attorneys, notified the said sheriff and said defendant that she was the owner of the one-third of said land, in her own right, and demanded that the same be set off to her under the law authorizing three hundred dollars to be set off to householders and heads of families; and so she says that the defendant had full knowledge of the rights of the plaintiff in said land before he purchased the same at said sheriff's sale, etc.

Conceding that the answer of Long is good, which question we do not think it necessary to decide, and conceding that the demurrer to the second paragraph of the reply was properly sustained, we are of the opinion that there was no evidence to justify the finding against the appellant on the issue formed by the denial of the answer of Long.

The record of the suit by Rensselaer, the administrator of Christian Miller, does not show that Elizabeth Miller filed any such answer as alleged in the answer of Long. But aside from this, the court, by its finding and judgment in that case, subjected only two-thirds of the land to sale for the payment of the debts of the deceased, leaving the widow's one-third unaffected by that judgment. As she had joined in the deed of her husband to William H. Miller, and as William H. Miller had conveyed to her, the one-third of the land was left vested in her in fee simple.

There was a judgment for costs against her and William H. Miller in the suit of the administrator against them, and an execution on that judgment was levied upon a supposed interest of William H. Miller in the land, and that interest was sold to Long, but this did not, of itself, affect the inter-

est of Elizabeth Miller. To estop her from setting up the interest which she thus had in the land, it is alleged in the answer of Long that at the sheriff's sale she "represented and held out to the public generally, and to this defendant, that she was not the owner of any portion of said land, but that William H. Miller was the owner thereof," etc. We regard it as immaterial what representations she made to "the public generally," but we think if she represented to Long, at the time of the sheriff's sale, that she had no interest in the land, that William H. Miller was the owner of it, and if Long, on the faith of these statements, bought the land, paid for it, and took a certificate, these facts might constitute an estoppel. But these facts are not proved. On the contrary, it is stated in the bill of exceptions that it was agreed on the trial that the plaintiff, by her attorneys, gave public notice to bidders at the sheriff's sale that the plaintiff was the owner of one-third of the land described in the complaint. The evidence wholly fails to show any admission or statement made by her to the contrary of this, at the time of the sheriff's sale, and does not, we think, make out the alleged estoppel. We have not been aided by any brief from the appellee.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

*W. W. Carter* and *S. D. Coffee,* for appellant.

